Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>VOYAGER DIGITAL HOLDINGS, INC. *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10943 (MEW)<br>(Jointly Administered) |
| JON GIACOBBE,<br><br>Plaintiff,<br><br>v.<br><br>VOYAGER DIGITAL HOLDINGS, INC., *et al.*,<br><br>Defendants. | Adversary No. 22-01145 (MEW)<br><br>"Complaint to Determine Dischargeability of Debt per 11 U.S.C. § 523(a)(2)(A)" |

**DEBTORS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion to dismiss Plaintiff's Adversary Complaint "To Determine Dischargeability of Debt" per "§ 11 U.S.C. 523(2)(A)" pursuant to Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12(b)(6):

**Preliminary Statement**

1. Jon Giacobbe is a Voyager customer who began using the Voyager platform in November 2018. On July 8, 2022, shortly after the Debtors filed their voluntary petition under Chapter 11, Giacobbe filed a proof of claim against Voyager. (*See* Compl. ¶ 50 & Ex. 2.) Giacobbe then filed this adversary complaint, arguing that his claim is a nondischargeable debt.

2. Giacobbe's Adversary Complaint is baseless as a matter of law.[1] His complaint is premised on 11 U.S.C. § 523(a)(2)(A), but it is well-settled that Section 523(a)(2)(A) applies only to individual debtors, not corporate ones—and the Debtors are all corporate debtors.

3. Giacobbe has a claim against the estate. His claim will be treated appropriately in the Debtors' plan. But the Court should not permit Giacobbe to use an inappropriate Adversary Complaint and drain the Debtors' resources to the detriment of all other creditors who (like Giacobbe) have claims based on cryptocurrency held on the Voyager platform.

**Jurisdiction and Venue**

4. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

6. On July 5, 2022, each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these Chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Main Docket No. 15].

---

[1] To be sure, the Debtors also dispute all of the factual allegations in Giacobbe's Complaint, which are both false and insufficient to state a claim under Federal Rule of Civil Procedure 9(b) even if they were true. The Debtors did not defraud Giacobbe or any other creditor.

2

7.      The Debtors are operating their business and managing their property as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. But no Debtor is an individual or filed for Chapter 11 relief as an individual. Voyager Digital Holdings, Inc., and Voyager Digital Ltd. are corporations. Voyager Digital, LLC, is a limited liability company.

8.      Shortly after the Debtors filed their voluntary petitions, Giacobbe filed a proof of claim. Compl. ¶ 50 & Ex. B. On August 30, 2022, he then filed this "Complaint to Determine Dischargeability of Debt 11 U.S.C. § 523(a)(2)(A)." [Main Docket No. 360].

9.      The Complaint alleges that on or after November 2018, Giacobbe "saw, heard, and read" various marketing materials about the Voyager platform. Compl. ¶ 42. After receiving a "written invitation or solicitation to open [sic] Voyager account" on November 28, 2018, Giacobbe applied for an account with Voyager. *Id.* ¶ 44. The account was approved on December 8, 2018. Thereafter, Giacobbe alleges to have made numerous purchases and sales of cryptocurrencies through the Voyager platform, acquiring approximately $150,000 stored on the platform. *Id.* ¶ 51.

10.     Giacobbe claims these funds to be a nondischargeable debt obtained by false pretenses, false representation, or actual fraud pursuant to 11 U.S.C. § 523(a)(2)(A). *Id.* ¶¶ 52-60. He requests that the Court enter judgment against Voyager in the amount of $150,000, as well as interest and costs. *Id.* at p. 12.

**Basis for Relief**

11.     The Debtors move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), made applicable to this matter by Federal Rule of Bankruptcy Procedure Rule 7012. Giacobbe has a proof of claim relating to his cryptocurrency purchases on the Voyager platform, but his suggestion that the claim is not dischargeable is frivolous.

3

12. When reviewing a complaint under Rule 12(b)(6), the Court accepts its factual allegations as true, but it is "not bound to accept as true a legal conclusion couched as a factual allegation," nor is it "required to accept as true allegations that are wholly conclusion." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). If the complaint fails to state a legally cognizable claim, it must be dismissed. *See id.* at 129 ("[T]he complaint 'must contain something . . . more . . . than a statement of facts that merely creates a suspicion of a legally cognizable right of action." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

13. Here, Giacobbe plainly fails to state a claim. His sole claim for relief is under a provision of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), that does not apply to the Debtors. Courts have long recognized that "section 523 as a whole applies only to individual debtors, and not corporate debtors." *United States ex rel. Minge v. Hawker Beechcraft, Inc. (In re Hawker Beechcraft, Inc.)*, 515 B.R. 416, 426 (S.D.N.Y. 2014); *see also, e.g.*, *Savoy Records v. Trafalagar Assocs. (In re Trafalgar Assocs.)*, 53 B.R. 693, 696 (Bankr. S.D.N.Y. 1985) ("Alpha's reliance on section 523 as support for nondischargeability is misplaced because that section on its face applies only to individual debtors, and not to limited partnerships such as Trafalgar."); *In re MF Global Holdings, Ltd.*, No. 11-15059, 2012 WL 734175, at *3 (Bankr. S.D.N.Y. Mar. 6, 2012) ("In the Second Circuit, it is well-settled that section 523 does not apply to corporate debtors.").

14. Because Section 523 applies only to individual debtors, the question is thus whether the Debtors are individual debtors. The answer is no. Under Chapter 11 of the Bankruptcy Code, a "debtor" can be a "person" or "municipality." 11 U.S.C. § 101(13). A "person" is subdivided into "individual[s], partnership[s], and corporation[s]." *Id.* § 101(41). A "corporation" includes entities like limited liability companies. *Id.* § 101(9) (emphasis added).

15. Based on the plain language of the Code, courts in this circuit consistently agree that corporations and limited liability entities are "corporate debtors" that cannot be the subject of a Section 523 claim. *See, e.g.*, *Hawker Beechcraft*, 515 B.R. at 420 (reversing a bankruptcy court to the extent it held that Section 523 could apply to a corporation); *Adam Glass Serv., Inc. v. Federated Dept. Stores, Inc.*, 173 B.R. 840, 842 (E.D.N.Y. 1994) (finding Section 523 inapplicable to a corporate debtor); *Trafalgar Assocs.*, 53 B.R. at 696 (finding Section 523 applies only to individuals and not limited partnerships); *MF Global Holdings*, 2012 WL 734175, at *1, *3 (finding Section 523 inapplicable to a corporation); *Fantigrossi v. Am. Eagle Airlines, Inc.*, No. 13 CIV. 2248, 2017 WL 766357, at *5 (W.D.N.Y. Feb. 28, 2017) ("If Congress had intended for corporations to be covered under the § 523(a) exceptions, it would not have included the word 'individual;' it would have simply used the more generic term 'debtor.'"); *see also Maritime Asbestosis Legal Clinic v. Liv Steel Co., Inc. (In re Chateaugay Corp.)*, 920 F.2d 183, 184–85 (2d Cir. 1990) (finding that, as applied in 11 U.S.C. § 362(h), "Congress used the word 'individual' . . . to mean natural person" and thus excluded corporations from the term "individual"); *Boyle v. PMA Medical Specialists, LLC*, 754 F. App'x 93, 96 (3d Cir. 2019) (unpublished) ("By its terms, this exception applies to 'individual debtor[s].'" PMA, however, is a corporate debtor.").

16. The bottom line is that each of the Debtors is a corporation or a limited liability company. They are not subject to suit under Section 523. Therefore, even if any of his factual claims and theories had merit—and they do not—Giacobbe fails to bring a cognizable legal claim against any of the Debtors and his complaint must be dismissed.

Dated: October 14, 2022 　　　　　　　　　*/s/ Joshua A. Sussberg, P.C.*

New York, New York　　　　　　　　　**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:　(212) 446-4800
Facsimile:　(212) 446-4900
Email:　　　jsussberg@kirkland.com
　　　　　　cmarcus@kirkland.com
　　　　　　christine.okike@kirkland.com
　　　　　　allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors-in-Possession*