UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **VOYAGER DIGITAL HOLDINGS, INC.** *et al.*, | : | Case No. 22-10943 (MEW) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| **JON GIACOBBE,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 22-01145 (MEW) |
| | : | |
| **VOYAGER DIGITAL HOLDINGS, INC.** *et al.*, | : | |
| | : | |
| Defendant. | : | |

## DECISION GRANTING MOTION
## TO DISMISS ADVERSARY PROCEEDING

On September 1, 2022, Jon Giacobbe, the plaintiff, filed a complaint commencing this adversary proceeding against Voyager Digital Holdings, *et al.* (the "Debtors" or "Voyager"). The Complaint seeks entry of an order pursuant to 11 U.S.C. § 523(a), declaring that certain debts purportedly owed to Mr. Giacobbe are excepted from discharge on grounds of false pretenses, false representations or actual fraud.

On October 14, 2022, the Debtors filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this matter by Federal Rule of Bankruptcy Procedure Rule 7012. The Debtors argue that section 523(a)(2)(A) only applies to individual debtors and that it has no application to the Debtors in these chapter 11 cases.

**Discussion**

Section 523(a)(2)(A) provides, in relevant part, as follows:

> A discharge under section 727, 1141, 1192 1228(a), 1228(b), or 1328(b) of this title does not discharge ***an individual debtor*** from any debt—
>
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by - -
> >
> > > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

(Emphasis added.) The introductory sentence to section 523(a) makes clear that the provision is limited to "individual" debtors. Accordingly, courts in this District and in this Circuit have consistently held that as a general matter section 523(a) is not applicable to corporate debtors. *See United States ex rel. Minge v. Hawker Beechcraft, Inc. (In re Hawker Beechcraft, Inc.)*, 515 B.R. 416, 426 (S.D.N.Y. 2014) (noting that the applicability of section 523 is limited "to individual debtors"); *In re MF Global Holdings Ltd.*, No. 11-15059, 2012 WL 734175, at *3 (Bankr. S.D.N.Y. Mar. 6, 2012) ("In the Second Circuit, it is well-settled that section 523 does not apply to corporate debtors"); *Savoy Records, Inc. v. Trafalagar Assocs. (In re Trafalgar Assocs.)*, 53 B.R. 693, 696 (Bankr. S.D.N.Y. 1985) ("reliance on section 523 as support for nondischargeability is misplaced because that section on its face applies only to individual debtors, and not to limited partnerships"); *Adam Glass Serv., Inc. v. Federated Dep't. Stores, Inc.*, 173 B.R. 840, 842 (E.D.N.Y. 1994) (finding Section 523 inapplicable to a corporate debtor); *cf. Maritime Asbestosis Legal Clinic v. Liv Steel Co., Inc. (In re Chateaugay Corp.)*, 920 F.2d 183, 184–85 (2d Cir. 1990) (finding that, as applied in 11 U.S.C. § 362(h), "Congress used the word 'individual' . . . to mean natural person" and thus excluded corporations from the term "individual")..

Plaintiff nevertheless argues that the word "individual," as used in introductory sentence to section 523, should be interpreted by this Court as just being a reference to a "single" debtor as opposed to "multiple" debtors, so that the words "individual debtor" in section 523 can mean a single "corporate" debtor. However, if the statute had been intended to have the meaning that plaintiff suggests, then the word "individual" would not have been needed at all. Instead, it would have sufficed simply to say that a discharge does not relieve "a debtor" from obligations of the kinds set forth in section 523. *See Fantigrossi v. Am. Eagle Airlines, Inc.*, No. 13 CIV. 2248, 2017 WL 766357, at *5 (W.D.N.Y. Feb. 28, 2017) ("If Congress had intended for corporations to be covered under the § 523(a) exceptions, it would not have included the word 'individual;' it would have simply used the more generic term 'debtor'").

It is a cardinal rule of statutory construction that courts do not adopt an interpretation that renders a particular word or phrase superfluous. *Loughrin v. United States*, 573 U.S. 351, 358 (2014); *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (a "cardinal principle" of statutory construction requires that courts "give effect, if possible, to every clause and word of a statute"). The reference to an "individual" debtor, in context, plainly was a limitation on the reach of section 523. It is a reference to a debtor who is a human being, as opposed to a debtor who is a corporate entity. Numerous decisions in this Circuit support this conclusion, as reflected in the decisions cited above.

During oral argument, plaintiff's counsel acknowledged that plaintiff's position is contrary to the consistent rulings of the courts in this Circuit. However, plaintiff cited to authorities from other districts that purportedly support his contention that section 523 is applicable to the Voyager debtors. The cited decisions are readily distinguishable.

In *Cantwell-Cleary Co. v. Cleary Packaging, LLC*, 36 F.4th 509, 511 (4th Cir. 2022), for example, the Court of Appeals for the Fourth Circuit was called upon to interpret section 1192 of the Bankruptcy Code, which is a provision that is applicable only to "small business debtors" who choose to avail themselves of the different reorganization standards and provisions that are available to small businesses under Subchapter V. *See* 11 U.S.C. § 1182. Section 1192 states that the confirmation of a Subchapter V plan (*i.e.,* the confirmation of plan pursuant to section 1191 of the Bankruptcy Code) does not discharge a debtor from "any debt . . . of the kind specified in section 523(a) of this title." *See* 11 U.S.C. § 1192. The Court of Appeals held in *Cleary Packaging* that, in Subchapter V cases, "§ 1192(2) provides for the discharge of debts for both individual and corporate debtors," and that Congress had deliberately prescribed a separate rule as to the limitations on discharges in Subchapter V. 36 F.4th at 514-516. None of this is relevant to the Voyager cases, however, which do not involve "small business debtors" and which are not proceeding under Subchapter V.

In the Voyager cases, plan confirmation and discharge issues will be governed by sections 1129 and 1141 of the Bankruptcy Code, *not* by sections 1191 and 1192. Section 1141 provides that as a general matter the confirmation of a chapter 11 plan discharges a debtor from any debt that arose before the date of such confirmation. *See* 11 U.S.C. § 1141(d)(1)(A). Section 1141(d)(2) states that "[a] discharge under this chapter does not discharge *a debtor who is an individual* from any debt excepted from discharge under section 523 of this title." *See* 11 U.S.C. § 1141(d)(2) (emphasis added). However, the Voyager debtors are corporate entities, not individuals. As a result, section 1142(d)(2) plainly does not apply.

In effect, plaintiff asks this Court to amend section 1141(d)(2), so that the exceptions to discharge set forth in section 523 will apply to all chapter 11 debtors, and not just to "a debtor

4

who is an individual." Doing so would be inconsistent with the plain terms of section 1141(d). It would also be inconsistent with a long series of prior decisions as set forth above, and with countless numbers of discharge orders that have been entered in favor of corporate debtors in prior chapter 11 cases. It does not matter whether or not a different rule applies in Subchapter V cases; the terms of section 1141(d)(2) are quite clear, and they demonstrate that the section 523 discharge exceptions are only applicable to chapter 11 cases in which the debtors are individuals.

Plaintiff also cited to a decision by a Montana court in *Concrete Log Systems, Inc. v. Better Than Logs, Inc. (In re Better Than Logs, Inc.)*, 631 B.R. 670, 682 (Bankr. D. Mont. 2021), in which the court applied section 523(a)(6) to a corporate debtor. However, there was no discussion in that decision of the question of whether section 523 is limited to "individual" debtors. In the absence of any discussion of the relevant issue the decision has no persuasive value. More importantly, our research has shown that the *Better than Logs* case also was a Subchapter V case, and therefore was one in which the provisions of section 1192 were applicable. As noted above, any discharge in these cases will be governed by the normal chapter 11 discharge provisions set forth in section 1141, and not by the rules that section 1192 prescribes for a Subchapter V case.

Plaintiff similarly argued that various courts have applied section 523 to corporate debtors in chapter 12 cases. *See Southwest Ga. Farm Credit, ACA v. Breezy Ridge Farms, Inc. (In re Breezy Ridge Farms)*, Adv. Pro. No. 09-1011, 2009 Bankr. LEXIS 1396, at *5-6 (Bankr. M.D. Ga. May 29, 2009), and *New Venture P'ship v. JRB Consol., Inc.*, 188 BR 373, 374 (Bankr. W.D. Tex. 1995). However, section 1228(a)(2) of the Bankruptcy Code, which is applicable only in a chapter 12 case, states that a court may discharge a chapter 12 debtor from various debts "except" for any debt "of a kind specified in section 523(a) of this title . . ." *See* 11

U.S.C. § 1228(a)(2). The cases cited by plaintiff held that section 1228(a)(2) was applicable to all chapter 12 debtors, including corporations. Section 1128(a)(2) – like section 1192 – has no application to the Voyager debtors or to the chapter 11 cases to which the Voyager debtors are subject. The terms of any discharge in the Voyager cases will be governed by section 1141 of the Bankruptcy Code – *not* by the chapter 12 discharge provisions in section 1228(a), and not by the Subchapter V discharge provisions set forth in section 1192.

## Conclusion

For the foregoing reasons, the Plaintiff's efforts to apply the section 523 discharge exceptions to the chapter 11 cases of the Voyager defendants is contrary to the plain language of the relevant portions of the Bankruptcy Code, and the Voyager defendants are entitled to the dismissal of the Complaint. A separate order will be entered to this effect.

Dated: New York, New York
      November 30, 2022

                                      /s/ **Michael E. Wiles**
                                      UNITED STATES BANKRUPTCY JUDGE